# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12cv___
## [3:00cr137]

| | | |
|---|---|---|
| **JOSEPH BERNARD TATE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody United States v. Tate, 3:00CR137 (W.D.N.C.) #340.

**I.  Initial Screening**

The court has conducted an initial screening of the petition under the Rules Governing § 2255Proceedings, Rule 4(b) 28 U.S.C. §2255, and finds: (1) the petition has been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C. § 2255; and (2) that petitioner has provided indicia that the petition was filed within one year of a decision of the Supreme Court, DePierre v. United States, ___ U.S. ___, 131 S.Ct. 2225 (June 9, 2011), which he contends initially recognized the right he herein asserts. For the reasons discussed below, however, petitioner has not asserted a cognizable claim for relief cognizable under § 2255(a).

**II.  Dismissal of Petitioner's Claim Under DePierre**

In DePierre, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b) means not just crack cocaine, but cocaine in its chemically basic form, that is, the molecule found in crack cocaine, freebase, and coca paste, notwithstanding that the

-1-

Sentencing Commission defined "cocaine base" to mean "crack" for the purposes of the Federal Sentencing Guidelines. Id., 131 S.Ct. 2231-32. Petitioner contends that DePierre requires the government to "establish the Scientific Identification of the substance . . . to support a conviction and sentence under 841(b)(iii)." Memorandum of Law in Support (#340-1), at 2.

Clearly, DePierre established that "cocaine base" as used in 21 U.S.C. § 841(b)(1) means not only crack cocaine, but all cocaine in its chemically basic form. DePierre, 131 S.Ct. at 2231– 32. While defining the term "cocaine base," DePierre does not address or specify the type of proof the government must use to prove distribution of cocaine base. Id.; McCullers v. United States, 2012 WL 1942068 (E.D.Va. May 29, 2012).[1] Thus, petitioner's claim under § 2255 is a challenge to the sufficiency of the evidence upon which his conviction was based,[2] which is not cognizable on a motion under § 2255. Dockery v. United States, 237 F.2d 518, 519 (4th Cir.1956) (*per curiam*). Under Rule 4(b) of the Rules Governing § 2255 Proceedings, such a claim can not go forward and the Motion to Vacate will be dismissed.

## III. Simmons Claim

While not set forth as a contention in his petition, petitioner states in his memorandum that he "would like to preserve a Simmons claim," arguing that a prior conviction on which the government relied to enhance his sentence "no longer qualifies as a felony predicate ...." Memorandum of Law in Support (#340-1), at 3. Petitioner is advised that the Western District of North Carolina has implemented a screening process for Simmons claims and

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

[2] The court notes that petitioner pled guilty.

appointed the Federal Defender to review cases of those who remain in custody.

While petitioner has not set forth Simmons as a contention in this petition, the court will in an abundance of caution bring such argument to the attention of the Federal Defender by instructing that a copy of this Order be sent to the Federal Defender's office.

**IV.     Conclusion**

Petitioner's DePierre contention challenges the sufficiency of the evidence upon which his conviction was based, which is not cognizable on a motion under § 2255. In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings, the court has examined the motion, the attached memorandum, and the record of prior proceedings and finds that petitioner is not entitled to any relief on his DePierre contention and will dismiss such claim and the motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's claim based on DePierre and his Motion to Vacate are **DISMISSED** in accordance with Rule 4(b).

The Clerk of Court is instructed to send a copy of this Order to the Federal Defender, attention Ross Richardson, for a Simmons screening in accordance with the Order of this court entered in 3:12mc92.

Signed: June 7, 2012

Max O. Cogburn Jr.
United States District Judge

-3-