**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv349
[3:00cr137]**

| | | |
|---|---|---|
| JOSEPH BERNARD TATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on petitioner's "Motion for Reconsideration Regarding the Denial of Petitioner's 2255(f)(3)" (#4), which was initially filed with the Court of Appeals for the Fourth Circuit, but forwarded to this court for appropriate disposition in accordance with Rule 4(d), Federal Rules of Appellate Procedure.

The court has carefully reviewed the original Motion to Vacate, the Order dismissing such motion, and the relevant pleadings in the underlying criminal action. See United States v. Tate, 3:00cr137-1 (hereinafter "CR"). In requesting reconsideration, petitioner states, as follows:

> The crack form of cocaine base was not alleged in petitioner[']s indictment which means [] the petitioner was convicted illegally for a clause that was not alleged in his indictment, nor was crack cocaine base identified in the petitioner[']s indictment, and therefore that is the petitioner[']s sole purpose for him presenting a DePierre error, which is a pre-Apprendi error and is respectfully asking this court to grant him the relief from the 100 to 1 ratio for the crack form of cocaine base in which petitioner was sentenced, and request[ing] relief based on the fact that petitioner[']s due process rights were violated.

Motion for Reconsideration(#4), at 3. As he did in his original Motion to Vacate, petitioner again cites DePierre v. United States, \_\_\_ U.S. \_\_\_, 131 S.Ct. 2225 (June 9, 2011), which

-1-

he contends initially recognized the right he herein asserts. For the reasons discussed below, however, petitioner has not asserted a cognizable claim for relief cognizable under § 2255(a).

In DePierre, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b) means not just crack cocaine, but cocaine in its chemically basic form, that is, the molecule found in crack cocaine, freebase, and coca paste, notwithstanding that the Sentencing Commission defined "cocaine base" to mean "crack" for the purposes of the Federal Sentencing Guidelines. Id., 131 S.Ct. 2231-32. In his initial motion, petitioner contended that DePierre requires the government to "establish the Scientific Identification of the substance . . . to support a conviction and sentence under 841(b)(iii)." Memorandum of Law in Support (#1-1), at 2. Read in a light most favorable to petitioner, he asks this court in his Motion for Reconsideration to "grant him the relief from the 100 to 1 ratio for the crack form of cocaine base in which petitioner was sentenced ...." Motion to Reconsider (#4), at 3.

Beyond the inapplicability of DePierre, what petitioner fails to recognize is that his sentence was not based on the quantity of "cocaine or cocaine base" attributable to him in Count One (Conspiracy to Possess With Intent to Distribute, and Distribute, Cocaine and Cocaine Base),[1] but on a cross reference to the Sentencing Guideline for murder (§2A1.1), applicable to Count Three (Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime Resulting in Murder). As earlier highlighted in the Supplemental PSR issued during Amendment 706 review, CR (#295), "the sentence in this case was based on the cross-reference to the Murder guideline (§2A1.1) and not based on the drug amounts involved...." Id. Thus, petitioner's reliance on DePierre is not only unavailing as a challenge to the sufficiency of the evidence upon which his conviction was based, it is also misplaced

---

[1] It was determined in the PSR that defendant was responsible for more than 6 kilograms of cocaine base. CR (#295), at 1.

because the sentence imposed was not dependent on the quantity or kind of "cocaine and cocaine base."

In any event, DePierre merely established that "cocaine base" as used in 21 U.S.C. § 841(b)(1) means not only crack cocaine, but all cocaine in its chemically basic form. DePierre, 131 S.Ct. at 2231–32. While defining the term "cocaine base," DePierre does not address or specify the type of proof the government must use to prove distribution of cocaine base. Id.; McCullers v. United States, 2012 WL 1942068 (E.D.Va. May 29, 2012).[2] Thus, petitioner's claim under § 2255 is a challenge to the sufficiency of the evidence upon which his conviction was based, which is not cognizable on a motion under § 2255. Dockery v. United States, 237 F.2d 518, 519 (4th Cir.1956) (*per curiam*). Under Rule 4(b) of the Rules Governing § 2255 Proceedings, such a claim can not go forward.

Having carefully reviewed petitioner's Motion to Reconsider, and reconsidered the earlier Order, the request for relief under § 2255 is denied for the reasons stated herein as well as the reasons previously stated in the court's initial screening Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. petitioner's "Motion for Reconsideration Regarding the Denial of Petitioner's 2255(f)(3)" (#4) is **ALLOWED**; and

2. having reconsidered the court's earlier Order, the court incorporates such earlier Order herein as if fully set forth, and **DISMISSES** the Motion to

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Vacate in accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings for all the reasons herein stated.

**Denial of Certificate of Appeal**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 23, 2012

Max O. Cogburn Jr.
United States District Judge